## HANNAS vs. HAWK.

1. The defence of usury must not only be distinctly set up in the answer, and the terms of the usurious contract and the quantum of the usurious interest or premium specified, and distinctly and correctly set out, but the defendant must also prove the usury as laid. And if he fails in proving the usurious contract, in the way and manner in which he has charged it in the answer, he must fail.

2. The rule applies, notwithstanding the penalty has been mitigated by the usury law now in force.

3. To establish the defence of usury, the proof must be clear and cogent. Probabilities will not be accepted, nor can recourse be had to conjectures, to aid the defence.

On pleadings and proofs.

*Mr. J. M. Robeson*, for complainant.

*Mr. C. T. Fitch*, for defendants.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage for $1600 and interest, upon land in Warren county, given to the complainant by the defendants, who are husband and wife. The title to the mortgaged premises was, at the date of the mortgage (March 31st, 1870,) in the wife.

The answer of the defendants sets up usury. It states that the mortgage was given to secure a loan of $1500 for one year, made by the complainant to the defendant, Mary

C. Hawk, at the date of the mortgage, and $100 bonus, which it was, on the negotiation for the loan, corruptly agreed between her and the complainant, should be paid by her to the latter, in consideration of the loan, together with interest, at the rate of seven per cent. per annum on the amount loaned and the premium; and that the agreement was executed by the payment to the defendant, Mary C. Hawk, of the sum of $1500 only, and the giving by the defendants of their bond and the mortgage in suit.

The only witness sworn in the cause is the defendant, Henry S. Hawk, who claims to have conducted all the negotiations for the loan with the complainant, and to have received the money, his wife taking no part whatever in the matter. In his testimony, he states that the defendants received $1520, and that the agreement was for the payment of twelve per cent. on $1600—five per cent. ($80) at the time of paying the money, and the rest at the end of the year. This is not the agreement set up by the answer. When asked by his counsel to account for the discrepancy between this statement and the statement of the answer on that head, he says that, at the time of making the latter statement, he was under the impression that it was fifteen per cent. on $1600 he agreed to pay, and hence the mistake. This, however, would have made the amount allowed for premium, not $100, as stated in the answer, but $128, and the amount of money received, not $1520, but $1472.

The answer was filed July 13th, 1871, and it is fair to presume that his recollection of the transaction was more trustworthy then, than at the later day, June 18th, 1873, when he was examined as a witness. Yet he says he was at fault in his recollection when he swore to his answer.

He is equally unhappy in his effort to reinforce his testimony by the alleged discovery of a memorandum, by which he claims to have corrected his recollection. Although he states that he discovered it but a few months before he was examined as a witness, he is unable not only to produce it,

but to give any account or description of it.    His interest in this suit is evident, and is admitted.

It appears that the defendants, by deed dated December 16th, 1871, after the filing of the answer, conveyed the mortgaged premises, in fee simple, to William S. Kase and Howard Mellick, for the consideration of $2700.    The conveyance was not made subject to the mortgage.    It contains the usual covenants, including general warranty on the part of both defendants.    In computing the consideration, the witness says the mortgage was reckoned at only $1520, and the rest paid in money, or its equivalent.

The defence of usury must not only be distinctly set up in the answer, and the terms of the usurious contract and the quantum of the usurious interest or premium specified, and distinctly and correctly set out, but the defendant must also prove the usury as laid ; and if he fails in proving the usurious contract, in the way and manner in which he has charged it in the answer, he must fail.    *Vroom* v. *Ditmas,* 4 *Paige* 532 ; *N. J. Pat. Tan. Co.* v. *Turner,* 1 *McCarter* 329 ; *Morris* v. *Taylor,* 7 *C. E. Green* 438, and cases there cited ; *S. C.,* 7 *C. E. Green* 613.    This rule still applies, notwithstanding the penalty has been mitigated by the usury law now in force.

To establish the defence of usury, the court requires proof clear and cogent, and will not accept probabilities, merely, nor have recourse to conjectures to aid the defence.    *Brolasky* v. *Miller,* 4 *Halst. Ch.* 790 ; *Pat. Tan. Co.* v. *Turner, supra.*

In *Taylor* v. *Morris,* 7 *C. E. Green* 613, the Court of Errors and Appeals say : " If the defence of usury should ever be sustained upon the uncorroborated testimony of the party by whom the security was made, the testimony should be, in all respects, unexceptionable."

The proof, in this case, is not such as is required to sustain the defence set up in the answer.    The complainant is entitled to a decree accordingly.